UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA ASHLEY LYNCH, | ) | CASE NO. 1:15 CV 1709 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| DEAN HOMMELL, *et al.*, | ) ) ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND ORDER** |

## Introduction

Before me by consent[1] in this diversity action arising out of a 2014 automobile accident in Cleveland,[2] are motions for summary judgement filed by defendants State Farm Mutual Automobile Insurance Company (State Farm)[3] and Dean Hommel,[4] as well as a motion for judgment on the pleadings filed by defendant First Financial Asset Management, Inc.[5] Defendant Hommel has filed a supplemental motion seeking summary judgment on the ground that his original motion is unopposed.[6]

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 27.

[2] ECF # 1, Attachment 3 at ¶ 1.

[3] ECF # 31.

[4] ECF # 42.

[5] ECF # 28.

[6] ECF # 66.

For the reasons that follow, the motions for summary judgment and for judgment on the pleadings will be granted. The supplemental motion will be denied as moot.

**Facts**

Plaintiff Sandra Lynch and defendant Hommell were involved in a multi-car accident that injured Lynch and damaged her car.[7] Lynch alleges that Hommell caused the accident.[8] Following the collision, State Farm paid its insured, Hommell, for property damage arising from the accident.[9] Similarly, Nationwide Mutual Fire Insurance Company paid its insured, a driver not a party to this case, for property damage arising from the accident.[10] Lynch further alleges that State Farm and its assignee, defendant First Financial, and Nationwide and its assignee, National Commercial Services, Inc., notified the Ohio Bureau of Motor Vehicles that Lynch was responsible for the accident, secured suspension of her driver's license, and engaged in illegal collection activities prohibited by the Fair Debt Collection Practices Act ("FDCPA").[11]

Lynch filed suit in the Cuyahoga County Court of Common Pleas, asserting claims of negligence and negligence *per se* against Hommell and state law and FDCPA violations

---

[7] ECF # 1, Attachment 3.

[8] *Id.* ¶¶ 8, 10B, 11A. Plaintiff numbers two paragraphs in the Complaint as "10" and two as "11." The court refers to the first "10" as "10A" and the second as "10B." Likewise, the court refers to the first "11" as "11A" and the second as "11B."

[9] *Id.* ¶ 12.

[10] *Id.* ¶ 19.

[11] *Id.* ¶¶ 12-15, 19-22.

against State Farm, First Financial, Nationwide, and NCS. The defendants removed the case to federal court based on federal question jurisdiction under 28 U.S.C. § 1331.[12]

**A.     Standards of review**

*1.     Summary judgment*

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[14]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[15] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[16] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[17]

---

[12] Notice of Removal, ECF # 1.

[13] Fed. R. Civ. P. 56(c).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[15] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[16] *Id.* at 252.

[17] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The court should not grant summary judgment if a party who bears the burden of proof at trial does not establish an essential element of his case.[18] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[19] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[20]

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[21] But if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[22]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[23] The nonmoving party may not simply rely on its pleadings but must "produce

---

[18] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 322).

[19] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[20] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[21] *Id.* at 252.

[22] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

[23] *Anderson*, 477 U.S. at 256.

evidence that results in a conflict of material fact to be solved by a jury."[24] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[25]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[26] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[27]

But the district court may consider evidence not meeting this standard unless the opposing

---

[24]*Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[25] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[26] *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

[27] *Id.* at 225-26 (citations omitted).

5

party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[28]

As a general matter, the judge considering a motion for summary judgment need examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[29] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[30] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[31]

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[32]

## 2. *Judgment on the pleadings*

---

[28] *Id.* at 226 (citations omitted).

[29] *Anderson*, 477 U.S. at 248.

[30] *Id.* at 249.

[31] *Id.*

[32] *Id.* at 250.

Federal Rule of Civil Procedure 12(b)(6) enables defendants to challenge the legal sufficiency of complaints.[33] The Supreme Court, in *Bell Atl. Corp. v. Twombly*,[34] and in *Ashcroft v. Iqbal*,[35] clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true,[36] and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[37] The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[38] Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."[39] A court is "not bound to accept as true a legal

---

[33] *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).

[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[36] *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

[37] *Twombly*, 550 U.S. at 570.

[38] *Id.* at 555.

[39] *Id.*

conclusion couched as a factual allegation."[40]

The Court in *Iqbal* further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[41] Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."[42] This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[43]

If a motion to dismiss contains matters outside the pleadings, and the court does not exclude them, then the motion must be treated as one for summary judgement.[44] But, the Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss into a motion for summary judgment.[45]

**Analysis**

---

[40] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[41] *Iqbal*, 556 U.S. at 678.

[42] *Id.*

[43] *Id.* at 679.

[44] Fed. R. Civ. P. 12(d); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

[45] Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

**A. Application of standard**

*1. Summary judgment*

*a. Hommel supplemental motion*

The district court abuses its discretion when it grants a motion for summary judgment solely on the basis that the non-moving party has failed to respond within the time set by the rules.[46] Even when the non-moving party fails to respond, the district court nevertheless must examine the motion to be sure there is no dispute as to any question of material fact and that the moving party is entitled to judgment as a matter of law.[47] Thus, to the extent Hommel's supplemental motion is predicated simply on Lynch's failure to respond or to contest the underlying motion, it is not well-taken. But as set out below, because the underlying motion will be granted, the supplemental motion[48] will be denied as moot.

*b. State Farm*

The summary judgment motion by State Farm centers solely on the question of whether State Farm violated the Fair Debt Collection Act ("FDCA") by acting as a debt collector when it notified the Ohio Bureau of of Motor Vehicles that Lynch failed to provide proof of insurance at the time of the accident.[49] Lynch also alleges that in making that notification to the Ohio BMV, State Farm stated that Lynch was legally responsible for the

---

[46] *Miller v. Lake Shore Services, Inc.*, 141 Fed. Appx. 417, 419 (6th Cir. 2005).

[47] *Id*.

[48] ECF # 66.

[49] ECF# 31 at 4 (citing record).

9

accident.[50] Lynch also contends that State Farm violated the FDCA when it attempted to collect on its subrogation claim making a series of false representations or threatening to take other actions.[51]

By the affidavit of Nadia Abdul, a subrogation team manager personally familiar with Hommel's claim, State Farm supplied Rule 56 evidence that it did not notify the Ohio BMV of Lynch's failure to maintain insurance, nor did it represent to the BMV that Lynch was responsible for the accident.[52] Lynch has supplied no Rule 56 evidence that would create a disputed issue of material fact on these points.

State Farm is entitled to be granted summary judgment.

c.  *Hommel*

By his motion, Hommel contends that Lynch has produced no Rule 56 evidence to support the allegations in her complaint that he was negligent in connection with the accident at issue by reason of purported violations of various Ohio statutes.[53] Moreover, as he also observes, Lynch, in her deposition, admitted she was the cause of the accident.[54] In addition, Hommel in his supporting affidavit notes that he received no citations of any kind pertaining

---

[50] *Id*. (citing record).

[51] *Id*. (citing record).

[52] ECF # 31, Ex. A ¶¶ 5, 7.

[53] ECF # 42 at 7-8 (citing record).

[54] *See id*. at 8 (quoting deposition).

to purported violations of any traffic law in connection with the accident.[55]

The Rule 56 evidence manifests no disputed material facts as to Lynch's claim against Hommel. Hommel's motion for summary judgment is granted.

## 2. *Judgment on the pleadings*

In its motions to dismiss, First Financial argues that the payment requested from Lynch does not constitute "debt" under the FDCPA, and its efforts to recover payment from Lynch do not fall within the scope of the FDCPA.[56]

The FDCPA was enacted to eliminate abusive debt collection practices and to protect consumers.[57] To establish a claim under the FDCPA, the plaintiff must be a "consumer," the debt must arise from a transaction that is "primarily for personal, family or household purposes," and the defendant must be a "debt collector" as defined by the Act.[58]

The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[59] The Sixth Circuit

---

[55] *Id.*, Ex A.

[56] ECF # 28 at 3-6.

[57] 15 U.S.C. § 1692(e).

[58] *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *see Adkins v. Weltman, Weinberg & Reis Co.*, L.P.A., No. 2:11-CV-00619, 2012 WL 604249, at *1 (S.D. Ohio Feb. 24, 2012).

[59] 15 U.S.C. § 1692a(5).

11

clarified that, "[b]ecause the statute's definition of a 'debt' focuses on the transaction creating the obligation to pay, the obligation to pay is derived from the purchase transaction itself."[60] Sister circuits and district courts within the Sixth Circuit have held that the FDCPA applies only to debts arising from consensual consumer transactions.[61]

While the Sixth Circuit has not specifically addressed the question of whether damages arising from torts or alleged torts constitute FDCPA "debt," the Eleventh Circuit's analysis in *Hawthorne v. MAC Adjustment, Inc.*[62] is instructive. In *Hawthorne*, the plaintiff was similarly involved in an accident, and the company that insured the other party to the accident assigned its subrogation rights to a collection agency.[63] When the collection agency requested payment, the plaintiff sued the agency for violations of the FDCPA.[64] The court reasoned that the FDCPA's plain language limited "debt" to obligations arising from a consumer "transaction," defined as "consensual or contractual arrangements, not damage

---

[60] *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 294 (6th Cir. 2012).

[61] *See e.g. Taylor v. Javitch, Block & Rathbone, LLC.*, No. 1:12CV708, 2012 WL 2375494, at *2 (N.D. Ohio June 22, 2012); *Hawthorne v. MAC Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) (citing *Shorts v. Palmer*, 155 F.R.D. 172, 174-176 (S.D. Ohio 1994)); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997).

[62] *Hawthorne*, 140 F.3d at 1370-73.

[63] *Id.* at 1369.

[64] *Id.*

obligations thrust upon one as a result of no more than her own negligence."⁶⁵ The court concluded that, since the plaintiff's alleged obligation arose from an alleged tort rather than a consumer transaction, it failed to qualify as "debt" under the FDCPA.⁶⁶

Similarly, sister circuits and district courts within the Sixth Circuit have held that damages arising from tort or alleged tort do not constitute "debt" under the FDCPA.⁶⁷

Here, Lynch's alleged obligation to insurer State Farm arose from her involvement in a car accident rather than a consensual consumer transaction. At no time did Lynch transact with State Farm, as the Sixth Circuit explicitly requires.⁶⁸ Rather, her alleged obligation to pay for damages arising from a car accident was "thrust upon" her due to

---

⁶⁵ *Id.* at 1371.

⁶⁶ The court recognizes the Fifth Circuit's holding in *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002), that obligations arising from a contract between an insured party and its insurance company are covered by the FDCPA. *Hamilton,* however, is distinguishable from *Hawthorne* and the instant case because Hamilton's obligation to pay arose from his contract with his insurance company, not the car accident. *Hamilton*, 310 F.3d at 392; *contra Hawthorne*, 140 F.3d at 1371. Plaintiff has not alleged that she contracted with State Farm or First Financial, and therefore *Hamilton* does not apply. Moreover, *Hamilton* and *Hawthorne* agree that an obligation must arise from a consumer transaction, not tort law, to qualify as FDCPA "debt." *Hamilton*, 310 F.3d at 392; *Hawthorne*, 140 F.3d at 1371-1372.

⁶⁷ *See Fleming v. Pickard*, 581 F.3d 922, 926 (9th Cir. 2009) (wrongful conversion); *Beauvoir v. Israel*, 794 F.3d 244, 247-48 (2d Cir. 2015) (theft); *Helsel v. Gen. Motors*, LLC, No. 1:12CV1184, 2013 WL 4049519, at *5 (N.D. Ohio Aug. 9, 2013) (fraudulent purchases); *Taylor,* 2012 WL 2375494, at *2 (negligent entrustment); *Foster v. Amarnek*, No. 3:13-516, 2014 WL 1961245, at *3 (M.D. Tenn. May 14, 2014) (car accident); *Meyer*, 2013 WL 84929, at *3 (car accident).

⁶⁸ *See Haddad*, 698 F.3d at 294.

13

alleged negligence, as in *Hawthorne*.[69] Because Lynch's alleged obligation arises from tortious conduct, rather than a transaction "primarily for personal, family, or household purposes," it fails to qualify as "debt."[70] Lynch's complaint fails to state a claim under the FDCPA.

### 3. *Supplemental jurisdiction declined*

Given the above rulings on the motions for summary judgment and the motion for judgment on the pleadings, the remaining claims[71] consist of (potentially)[72] Lynch's claims for violation of state statutes against State Farm and First Financial and State Farm's state law counterclaim against Lynch for payments made to compensate its insured, Hommell, for property damage suffered in the automobile accident with Lynch.[73]

Under 28 U.S.C. §1367, a district court may exercise jurisdiction over state law claims even after the dismissal of federal claims that served as the original basis for subject matter

---

[69] *See Hawthorne*, 140 F.3d at 1371.

[70] 15 U.S.C. § 1692a(5); *Hawthorne*, 140 F.3d at 1371-72.

[71] Lynch has voluntarily dismissed Nationwide and National Commercial Services with prejudice. ECF #s 60 and 61.

[72] It is not clear if the allegations of action taken "without any prior judgment adjudication" as set forth in multiple state statutes is a free-standing state law claim or merely a predicate to the allegations of violation of the FDCPA.

[73] This is a non-diversity state law claim. The pleadings contain no allegations about State Farm's state of incorporation or principle place of business. Even if complete diversity existed between State Farm and Lynch, the alleged amount of the counterclaim, $9,073.29 (ECF # 29 at 6), falls well below the required jurisdiction amount. 28 U.S.C. §1332(a).

14

jurisdiction, but that exercise is discretionary.[74] I decline to exercise that discretion and will dismiss the remaining claims and the counterclaim without prejudice to refiling in state court.[75]

**Conclusion**

The motions for summary judgment by Hommel and State Farm are granted, and Hommel's supplemental motion is denied as moot. First Financial's motion for judgment on the pleadings is granted. The court declines to exercise supplemental jurisdiction over any remaining state law claims and the counterclaim, and dismisses them without prejudice.

IT IS SO ORDERED.

Dated: June 5, 2018                              s/ William H. Baughman, Jr.
                                                               United States Magistrate Judge

---

[74] *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 516 (6th Cir. 2014).

[75] 28 U.S.C. § 1367(c)(3); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 784-85 (E.D.N.C. 2011); *Sandborn v. American Lending Network*, 506 F. Supp. 2d 917, 925 (D. Utah 2007).